FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAELLE MARIE OSBORNE,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:17-CV-0146-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Jeffrey Schwab represents Michaelle Marie Osborne (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on March 14, 2014, and February 13, 2014, respectively, alleging disability since July 1, 2012, due to anxiety, depression, fearfulness, PTSD, panic attacks, fatigue and body aches. Tr. 367, 374, 443. The applications were denied initially and upon reconsideration. Administrative Law

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Judge (ALJ) Mark Kim held hearings on July 27, 2016, Tr. 43-70, and November 1, 2016, Tr. 71-109, and issued an unfavorable decision on November 22, 2016, Tr. 21-32.  The Appeals Council denied Plaintiff's request for review on February 21, 2017.  Tr. 1-6.  The ALJ's November 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on April 20, 2017. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on June 1, 1967, and was 45 years old on the alleged onset date, July 1, 2012.  Tr. 367, 374.  Plaintiff earned a GED and has completed some college.  Tr. 75-76.  She has past work as a caregiver, a unit clerk and a cashier. Tr. 97, 101-102.  Plaintiff stated she believed she could no longer work due to her physical issues and inability to stay focused.  Tr. 93.

Plaintiff testified at the administrative hearing on November 1, 2016, that she had nerve issues with her legs (beginning in September 2016), pain in her right shoulder, problems with her neck causing tingling and reduced strength in her arms/hands (brachial plexus), and heart issues/chest pain.  Tr. 78-81.  Plaintiff also described anxiety/PTSD, Tr. 83-86, 94, migraine headaches, Tr. 88, tremors, Tr. 90-91, and difficulty with concentration, Tr. 92.

Plaintiff has a long history of alcohol-related problems.  Plaintiff testified she had been sober since September 2016 and had a six-month period of sobriety prior to the September relapse.  Tr. 77-78.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed

only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make

an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On November 22, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 1, 2012, the alleged onset date. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: cervical spine degenerative disk disease, right brachial plexopathy, right shoulder impingement, posttraumatic stress disorder (PTSD), major depressive disorder, generalized anxiety disorder, and alcohol dependence. Tr. 23.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion work, with the following nonexertional limitations: she should never climb ladders, ropes, and scaffolds or crawl; she can occasionally push and pull with her bilateral upper extremities, but she should never reach overhead with her dominant right upper extremity and only occasionally reach overhead with her non-dominant left upper extremity; she can occasionally reach in all other directions with the bilateral upper extremities; she can frequently handle, finger, and feel with her dominant right hand; she should avoid all exposure to excessive vibrations and hazards like moving machinery and unprotected heights; she can perform simple, routine tasks in a low stress environment, defined as only occasional changes; and she can have occasional interaction with the public and coworkers. Tr. 25-26.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a caregiver, unit clerk and cashier. Tr. 30.

However, the ALJ determined at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of small products assembler, electronics worker and garment sorter. Tr. 31-32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 1, 2012, the alleged onset date, through the date of the ALJ's decision, November 22, 2016. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinion evidence of record; (2) improperly rejecting Plaintiff's subjective complaints; and (3) relying on an incomplete hypothetical at step five of the sequential evaluation process.

## DISCUSSION

**A.     Medical Opinion Evidence**

Plaintiff argues the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 13 at 10-16. Plaintiff specifically asserts the ALJ erred by rejecting the reports of examiner Mark Duris, Ph.D., examiner Aaron Burdge, Ph.D., and reviewing physician Brent Packer, M.D. *Id.*

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is

given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830.

In making findings regarding the medical opinion evidence of record, the ALJ must set forth specific, legitimate reasons that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

### 1. Dr. Duris

Dr. Duris completed a Department of Social and Health Services (DSHS) Psychological/Psychiatric evaluation of Plaintiff on November 25, 2014. Tr. 1348-1352. Dr. Duris diagnosed PTSD; alcohol dependence, in sustained partial remission; and major depressive disorder, recurrent (marked), controlled with medication. Tr. 1350. He opined that Plaintiff had "marked" restrictions in her abilities to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, complete a normal work day and work week without interruptions from psychologically based symptoms, and maintain appropriate behavior in a work setting. Tr. 1350-1351.

The ALJ accorded only "partial weight" to Dr. Duris' report, finding the noted limitations were not supported by the record and that Dr. Duris' own examination findings showed Plaintiff had no abnormalities, thus the limitations were based on Plaintiff's unreliable subjective reporting. Tr. 29.

///

Dr. Duris' findings are not unsupported by the evidence of record. As noted by Plaintiff, ECF No. 13 at 12, the evidentiary record reveals Plaintiff continued to have mental health issues throughout the relevant time period in this case with no indication that her symptoms resolved. Tr. 575 (depressed and tearful); 582-584 (alcohol intoxication and anxiety); 586-587 (alcohol intoxication, anxiety and PTSD); 805 (anxiety with depression and alcohol abuse); 969-970 (noted limitations by Dr. Burdge); 1170, 1178 and 1181 (PTSD and depression); 1194 (suicidal gesture); 1227 (PTSD); 1370-1372 (PTSD, depression and anxiety); 1387 (anxious and depressed); and 1436 (significant underlying general anxiety with acute situational exacerbation). Furthermore, the ALJ does not indicate what record evidence specifically undermined Dr. Duris' opinions. *See Brown-Hunter*, 806 F.3d at 492. The ALJ erred by finding the mental limitations assess by Dr. Duris lacked record support.

Contrary to the second reason provided by the ALJ for according only partial weight to Dr. Duris' report, there is no indication that Dr. Duris' assessed limitations were based entirely on Plaintiff's subjective reporting. Instead, the record reflects Dr. Duris completed Personality Assessment Inventory (PAI) testing, Tr. 1349, as well as the preliminary mental status exam, Tr. 1351-1352. The ALJ must not substitute his own interpretation of the examination findings for that of the examining medical professional. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (finding it is improper for an ALJ to act as his own medical expert). While the "Mental Status Exam" results found Plaintiff within normal limits, Tr. 1352, it is apparent that other testing revealed deficits upon which Dr. Duris relied in completing his assessment.

The Court concludes the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting examining physician Duris' assessed mental limitations. A remand is required for reconsideration of Dr. Duris' assessment and for further development of the record.

### 2. Dr. Burdge

Almost a year earlier, on December 16, 2013, Dr. Burdge also performed a psychological/psychiatric evaluation of Plaintiff on behalf of DSHS. Tr. 967-972. Dr. Burdge diagnosed PTSD; major depressive disorder, single episode, unspecified; and alcohol dependence, in sustained partial remission. Tr. 968. He opined that Plaintiff would have a "marked" limitation in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision and "severe" limitations in her abilities to complete a normal work day and work week without interruptions from psychologically based symptoms and to maintain appropriate behavior in a work setting. Tr. 969-970. Dr. Burdge recommended a chemical dependency assessment or treatment, but also opined that her impairments would persistent following 60 days of sobriety. Tr. 970.

The ALJ rejected the report of Dr. Burdge finding that, as with Dr. Duris, the noted limitations were not supported by the record and that the examination findings showed very little abnormality, thus the limitations were based on Plaintiff's unreliable subjective reporting. Tr. 29. The ALJ additionally noted that Plaintiff's sobriety was questionable at the time of the exam based on evidence that Plaintiff was admitted to the hospital for alcohol withdrawal both before and after the date of Dr. Burdge's examination. Tr. 29.

As discussed above with respect to Dr. Duris, the evidence of record shows that Plaintiff continued to have mental health issues throughout the relevant time period in this case with no indication that her symptoms resolved. *See supra*. The ALJ additionally failed to indicate what specific record evidence undermined Dr. Burdge's opinions. The ALJ's first reason is thus unsupported.

Likewise, there is no indication that Dr. Burdge's assessed limitations were based on Plaintiff's subjective reporting. The record reflects Dr. Burdge completed PAI testing which revealed post-traumatic stress, issues related to

alcohol abuse and depression, Tr. 968, as well as a preliminary mental status exam which was not entirely within normal limits, Tr. 971-972. Dr. Burdge relied on testing and observations in completing his assessment; therefore, the ALJ's second reason for according only partial weight to Dr. Burdge's opinions is also unsupported.

Finally, the ALJ's suggestion that Plaintiff's sobriety was questionable is unfounded. The ALJ did not find that Plaintiff's alcohol abuse was material in this case. *See* 20 C.F.R. §§ 404.1535(a), 416.935(a); *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001). In any event, Dr. Burdge specifically found that Plaintiff's impairments were not the result of alcohol or drug use. Tr. 970.

Based on the foregoing, the ALJ shall additionally reassess the evaluation of Dr. Burdge on remand and provide a detailed analysis related to the weight assigned to his opinions.

### 3. Dr. Packer

On January 22, 2016, Dr. Packer reviewed Plaintiff's medical records for DSHS and assessed Plaintiff's physical functioning capacity based on that review. Tr. 1462-1463. Dr. Packer opined that Plaintiff could perform sedentary work, with only two hours of standing and walking and with gross/fine restrictions, primarily related to cervical radiculopathy. Tr. 1462. He additionally opined that Plaintiff's physical condition appeared to be independent of any current drug addiction or alcoholism. Tr. 1462.

The ALJ accorded "partial weight" to Dr. Packer's assessment, finding the limitation to sedentary work with an inability to stand or walk for six hours was not supported by the medical evidence of record. Tr. 30.

The ALJ failed to describe what specific evidence contradicted the opinions of Dr. Packer. *See Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review). If the ALJ fails to specify his rationale, a reviewing court will be unable to review

those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler*, 775 F.3d at 1103. Because the ALJ failed to identify what evidence specifically contradicted the opinions of Dr. Packer, the Court finds the ALJ's rationale for discounting the report is not properly supported. Moreover, as argued by Plaintiff, ECF No. 13 at 15-16, there is extensive objective medical evidence which would appear to conflict with the ALJ's finding that there was "no evidence" supporting Dr. Packer's conclusions. Tr. 1486-1487 (markedly decreased tone in right upper limb, markedly decrease sensory to pinprick and vibration in right shoulder, and marked abnormalities on EMG testing); 1492 (results of MRI of the brachial plexus); 1490 (results of MRI of cervical spine); 1398 (right shoulder impingement); 1391 (right hand flexor tendonitis); 1416 (results of shoulder x-ray); and 1518 (results of MRI of right shoulder). Accordingly, the Court finds the ALJ erred by failing to provide cogent, specific, and legitimate reasons for according "partial weight" to Dr. Packer's assessed physical limitations.

**B.    Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 16-19.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ

must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 27. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the objective medical evidence did not support the level of impairment claimed; (2) Plaintiff's activities were inconsistent with her allegations of disabling functional limitations; (3) Plaintiff failed to follow through with medical treatment and continued to drink throughout her treatment; (4) Plaintiff gave inconsistent reports regarding her alcohol use; and (5) Plaintiff admitted she was told not to work so she could obtain disability benefits. Tr. 27-28.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**C.  Step Five**

Plaintiff next contends the ALJ erred at step five of the sequential evaluation process by relying on the vocational expert's testimony in response to an incomplete hypothetical; a hypothetical that did not reflect all of Plaintiff's limitations. ECF No. 13 at 19-20.

///

As determined above, the ALJ erred by providing inadequate reasoning for rejecting the opinions of Drs. Duris, Burdge and Packer. *See supra*. Consequently, the ALJ's RFC determination is not supported by substantial record evidence in this case and must be reevaluated.

On remand, the ALJ shall reassess Plaintiff's RFC and, if necessary, obtain supplemental testimony from a vocational expert with respect to the new RFC determination.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider Plaintiff's physical and psychological limitations. The ALJ shall reassess the opinions of Drs. Duris, Burdge and Packer and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall further develop the record by directing Plaintiff to undergo consultative physical and psychological examinations. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC determination, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

If the ALJ determines Plaintiff is disabled and her disability involves drug and alcohol abuse ("DAA"), the ALJ shall conduct an additional analysis. *See* 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be considered to be disabled for

purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."). In that case, the ALJ must then determine whether DAA is "material" to the finding that Plaintiff is disabled, i.e., whether Plaintiff's impairments would disable her independent of the limitations resulting from DAA. 20 C.F.R. §§ 404.1535, 416.935.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED April 30, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE